By the Court.
.This is an action in mandamus to compel the officers named as defendants to issue orders in favor of' relators for the use of the law library association, of which they are trustees, for the sum of $7,133.06, in compliance with statutes which are said to charge upon them the duty of making such payment. The cause is submitted on the petition, answer, reply, an agreed statement of facts and briefs of counsel.
The facts appearing are that the relators are the trustees of the library association named; that there is accumulated in the hands of the treasurer of Franklin county the sum named, having been certified to him by the auditor from the police court of the city of Columbus because of doubts of the clerk of that court as to the validity of the statute under whose provisions payment of the same was demanded by the relators. Said fund has been kept by the treasurer as the “law library funds” and not devoted to any other purpose. The organization of the association was effected in November, 1884, and it has accumlated ten thousand volumes of law books, all of which are accessible without charge to all officers discharging judicial functions in any court in the county of Franklin. The sum mentioned consists of fines which were assessed by the police court of the city of Colum *217 bus for offenses and misdemeanors prosecuted in the name of the state of Ohio, and being in excess of the amount allowed by the county commissioners to the judges, clerks and prosecuting attorney of said police court in state cases, demand was made for an order upon the treasurer to pay said fund to the relators. The granting thereof was refused. For several years since its organization the library association failed to account, under Section 3058, General Code, for the funds realized and purchases made, but thereafter they did make full reports, accounting for such receipts ■and purchases during the period covered by their omission. Of funds previously paid by the clerk of the police court on account of said association but paid to its president instead of its treasurer as is required by law, $13,626.92 were, without the knowledge of said association, misappropriated and lost, and the recovery of that amount to the treasury of the association is impossible. The appropriate financial officer of the said association, its treasurer, has been in all respects faithful to his trust.
The reliance of the relators is upon the provisions of Chapter 1 of Division 4, Title X, of the 'General Code, being Sections 3054 to 3058, inclusive, which were obviously intended to make provision for law libraries which are accessible to and used by all courts of the county without charge, as this library has been. Under these sections and prior legislation of like character for more than a generation the fines and penalties assessed and collected by the police court for offenses and misdemeanors prosecuted in the náme of the state, except the portion thereof allowed by the county *218 commissioners to the judges, clerks and prosecuting attorney of such court in state cases, have been in various counties of the state devoted to the purpose of aiding in the maintenance of law libraries.
Counsel for the defendant has alleged in the answer that the law library is a private corporation and that the granting of the writ in this case' would cause a part of the public revenues to be diverted to private uses and purposes, and in argument he relies upon Section 6 of Article VIII of the Constitution, the pertinent provision being, that no law shall be passed authorizing any county “to raise money for, or to loan its credit to, or in aid of, any such company, corporation, or association.” The terms of this section and the case of Walker v. City of Cincinnati, 21 Ohio St., 14, relied upon by counsel for defendants, show that it is for the protection or safeguarding of revenues raised by taxation. It does not either substantially or in terms prevent the use of money derived from ,the assessment of fines and penalties in state cases, which is the source of the moneys in controversy here, for the purpose in view, While it is entirely clear that the trustees of the library were in default for some years in not making a detailed statement to the auditor of the county of the fines and penalties so received by them and the money expended by the association, no such penalty as is insisted upon by counsel for the defendant is annexed to that failure. And while it does appear in the case that moneys due from this source to the association were received by an officer of the association not by law entitled to receive them, and that they were misappropriated, and while the trus *219 tees of the association may have been remiss in attention to their duties in that regard, since the validity of said payments is not here in question, such default, if assumed, could not operate to excuse the defendants from drawing warrants in favor of the officers who are entitled to the funds since accumulated. The constitutional provision referred to was necessarily construed in accordance with this view in Dick, Auditor, v. The State, 51 Ohio St., 570.

Peremptory writs will be allowed as prayed for.

Shauck, Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.
Nichols, C. J., not participating.